UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
At Chattanooga

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. 1:11-cr-19
    Judge Collier

KENNETH WAYNE HAFLEY,

    Defendant.

## MOTION FOR DOWNWARD DEPARTURE OR, IN THE ALTERNATIVE, NON-GUIDELINE SENTENCE

Defendant Kenneth Wayne Hafley, through undersigned counsel, respectfully requests this Honorable Court to grant a downward departure, or in the alternative, a downward variance from the guidelines range in this case, in order to fashion a sentence which is sufficient but not greater than necessary to satisfy the requirements of 18 U.S.C. § 3553.

**Procedural History**

A federal grand jury returned an Indictment charging Mr. Hafley with two counts of false statements. Mr. Hafley pled guilty to the second count and is set for sentencing on November 3, 2011.

**Medical Issues**

Mr. Hafley suffers from residual medical problems which stem from automobile accidents in 2006 and 2007. The first accident resulted in a broken neck for Mr. Hafley. His second accident in which he was struck by a drunk driver, resulted in a re-break of his neck. Additionally, the second crash resulted in paralysis in Mr. Hafley's right arm and left leg. Additionally, Mr. Hafley has previously suffered a heart attack and continues to have ongoing heart problems. Based upon these

medical issues and a 2010 diagnosis of post traumatic stress disorder, Mr. Hafley is prescribed Metoprolol (high blood pressure), Pravastatin Sodium (cholesterol), Neurontin (neuropathic pain), Hydrocodone-Acetaminophen (pain reliever), Celexa (depression), Flexeril (muscle relaxer) and Doxepin (depression and anxiety). Mr. Hafley is medically disabled.

## MEMORANDUM

This case involves issues that reach beyond the normal defendant sentenced in a district court. Mr. Hafley suffers medical issues beyond those of the average defendant as well as being a lower risk of recidivism based on age.

**Extraordinary Physical Impairment**

When sentencing a defendant such as Mr. Hafley, who has been convicted of an offense under the United States Code, "an extraordinary physical impairment may be a reason to depart downward only if and to the extent permitted by § 5H1.4." U.S.S.G. § 5K2.22. U.S.S.G. § 5H1.4 relates that an extraordinary physical impairment may be a reason to depart downward, and for example, "in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H1.4. The guidelines make clear that while it is discouraged, physical condition is not a factor prohibited from justifying a downward departure. *United States v. Bostic*, 371 F.3d 865, 875 (6th Cir. 2004). Additionally, the district court is required "to consider the relative costs and efficiency of home confinement and imprisonment." *Id*.

To determine that a guideline departure is warranted in a case, "the sentencing court must deem the circumstances of the case sufficiently atypical and outside the heartland of cases." *United States v. Sabino*, 274 F.3d 1053, 1078 (6th Cir. 2001), citing *Koon v. United States*, 518 U.S. 81, 98 (1996). Where a factor is discouraged, a sentencing court may depart only if the factor is outside the

2

heartland of the average case or present to an exceptional degree. *Id*. The Guidelines acknowledge that a combination of factors could be enough to distinguish a case from the average case. *Sabino* at 1078. Mr. Hafley suggests that his health issues are outside the heartland of the average defendant and case.

**Non-Guidelines Sentence Under 18 U.S.C. § 3553(a)**

If the above factors do not warrant a departure, this Court can determine that a variance is nevertheless warranted. The United States Code sets forth what factors should be considered in imposing a sentence. Title 18, U.S.C. § 3553(a) requires a sentencing court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for:
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission…;
>> ...
>
> (5) any pertinent policy statement issued by the Sentencing Commission…;

3

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Mr. Hafley submits that his case is different from the majority of cases over which this Court presides. Even if the medical circumstances in Mr. Hafley's case do not rise to the level of a downward departure from the guidelines range, these conditions may be considered by this Court under § 3553(a) for a lower sentence.

**Defendant Characteristics**

Mr. Hafley dropped out of school at age 16 and is unable to read or write. To date, he has not received a GED and has typically worked in labor-type jobs such as a plumber, mason, mechanic and machinist. Additionally, Mr. Hafley's prior encounters on the "wrong side of the law" are limited. In 1993, Mr. Hafley received a misdemeanor sentence for assault which was suspended and a registration law violation. In 1996, Mr. Hafley received a suspended sentence for DUI after which he completely stopped drinking alcohol. This is a very limited criminal history compared to those defendants this Court normally sees.

Also, Mr. Hafley is a 58 year old man. In *United States v. Nellum*, 2005 WL 300073 (N.D. Ind. Feb. 3, 2005), the district court considered the defendant's age when determining a reasonable sentence. In that case, the court pointed out that as a person ages, the percent of offenders who re-offend continually drops. *Nellum*, at *3, citing U.S.S.C., Measuring Recidivism, The Criminal History Computation of the Federal Sentencing Guidelines, at 12.[1] In fact, the court stated that "the positive correlation between age and recidivism is impossible to deny." *Id*. While the chart

---

[1] http://www.ussc.gov/Research/Research_Publications/Recidivism/200405_Recidivism_Criminal_History.pdf

4

presented by the Sentencing Commission ends at a category labeled ages over 50, "[o]ne can only reasonably assume that the trend of decreasing recidivism continues downward after the age of 50." *Id*. The chance of Mr. Hafley re-offending at age 58, by the statistics of the United States Sentencing Commission, is low indeed and relevant to the determination of a reasonable sentence under 18 U.S.C. § 3553(a)(2)(C), protecting the public from further crimes by the defendant. *Id*.

**Conclusion**

Based on the above information and medical conditions, Mr. Hafley respectfully requests this Court to consider a downward departure, and/or in the alternative, an appropriate non-guideline sentence below the guidelines range.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

By: __/s/ *Myrlene R. Marsa*__
 Myrlene R. Marsa
Assistant Federal Defender
707 Georgia Avenue, Suite 203
Chattanooga, Tennessee 37402
(423) 756-4349

Certificate of Service

I HEREBY CERTIFY that on October 27, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

 /s/ *Myrlene R. Marsa*
Myrlene R. Marsa
Assistant Federal Defender