UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:11-CR-19 |
| v. | ) | |
| | ) | Judge Collier/Lee |
| KENNETH WAYNE HAFLEY | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MOTION

Comes the United States of America, by and through William C. Killian, United States Attorney for the Eastern District of Tennessee, and Steven S. Neff, Assistant United States Attorney, and submits the following memorandum in response to the defendant's sentencing memorandum.

After the defendant pled guilty to one count of perjury, the United States Probation Office drafted the Pre-sentence report (PSR) which reflects an offense level of 14, Criminal History Category of I, for a resulting advisory guideline range of 15-21 months.

The defendant cites personal background and medical circumstances, as well as a reduced likelihood of recidivism, as justifications for reducing his sentence below that called for the sentencing guidelines. The United States disagrees.

There is nothing about the defendant's personal or medical background which removes his case from the heartland of the sentencing guidelines. While unfortunate in many ways, his situation is no less problematic than that of many Americans who overcome those types of circumstances to become productive citizens.

Adjustments based on physical infirmities under U.S.S.G. Section 5H1.4 require "an extraordinary physical impairment" or "combination of impairments" to justify a downward departure. *United States v. Russell*, 156 F.3d 687, 693-94 (6th Cir. 1998)(deafness not an extraordinary physical impairment); *United States v. Johnson*, 71 F.3d 539, 545 (6th Cir. 1995), *cert.*

*denied,* 517 U.S. 1113 (1996); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995)(HIV positive status not an extraordinary impairment). Other circuits have similarly held that departures pursuant to Section 5H1.4 should be extremely difficult to obtain. *See, e.g.*, *United States v. Martinez-Guerrero*, 987 F.2d 618, 621 (9th Cir. 1993)(legal blindness not an extraordinary physical impairment); *United States v. Guajardo*, 950 F.2d 203, 208 (5th Cir. 1991)(combination of conditions of age, cancer, high blood pressure, fused right ankle, amputated leg, and drug dependency insufficient to qualify as extraordinary combination of physical impairments to warrant a departure under 5H1.4), *cert. denied*, 503 U.S. 1009 (1992).

While the United States has no grounds to dispute the defendant's claims of physical impairments, his condition still does not qualify as "extraordinary." It appears that whatever problems he has can be addressed through appropriate medications, which the Bureau of Prisons can certainly establish. The defendant does not, and indeed cannot legitimately complain that the Bureau of Prisons is not equipped to handle his disabilities. The United States does not object to an assignment to a prison with a medical facility adequate to address his needs, but the defendant's circumstances do not warrant a departure from the guidelines. His physical ailments do not even rival those of the defendant in *Guajardo*, who was denied a departure despite being 55 years old, and having cancer (in remission), fused ankle, high blood pressure, amputated leg, and drug dependency. 950 F.2d at 208.

The defendant next argues that due to his age, his risk of recidivism is lower and thus warrants a departure. Again, the United States respectfully disagrees. First, the defendant did not sustain a criminal charge until he was 40 years old, and he has engaged in additional misconduct since then. Thus, his criminal "career" did not begin until after he was more advanced in age than the ordinary defendant the Court sees. Thus, "age" did not serve to prevent him from engaging in

2

criminal conduct in the first place, and age has since not been a deterrent to the defendant either. Moreover, the crime for which the defendant pled guilty in the instant case is not the kind of crime that generally would seem to have any connection to one's age. The defendant's crime is unrelated to a physical ability to commit a drug or violent crime, for example. It is generally assumed that recidivism rates decline with advancing age because of the lessening of factors of youth which tend to promote crime such as general health, hormone levels, and nature of associations. The defendant, however, committed perjury in a civil trial and endangered the livelihoods of three law enforcement officers. Perjury is a crime unrelated to physical prowess, and indeed it is representative of the very types of crimes that may increase with advancing age as people gain life wisdom and savvy.

Additionally, the defendant's argument that he is not well educated cuts against his argument that his age reduces the likelihood of recidivism. The same study cited by the defendant suggests that those with less education are more likely to re-offend. *http://www.ussc.gov/Research/Research_Publications/Recidivism/200405_Recidivism_Criminal_History.pdf*.

With respect to the request for a variance, as this Court is well aware, the federal sentencing guidelines are no longer mandatory and are now merely advisory. *United States v. Booker*, 543 U.S. 220 (2005). Before imposing sentence, the Court is asked to consider the sentencing factors listed in Title 18, United States Code, Section 3553(a), which take into account the nature and circumstances of the offense and the history and characteristics of the defendant. Some of the factors listed by Congress include a sentence necessary to 1) reflect the seriousness of the offense, 2) promote respect for the law, 3) provide just punishment (specific deterrence), 4) afford adequate deterrence to criminal conduct (general deterrence), and 5)

3

protect the public from further crimes of the defendant. The undersigned will address some of the above-referenced factors in turn.

The seriousness of the defendant's offense is appropriately addressed by the sentencing guidelines calculation.

The next important sentencing factor at issue is the promotion of respect for the law. The defendant's crime goes straight to the issue of respect for the law. He committed perjury in a federal civil lawsuit against police officers. Maintaining the integrity of the judicial process is paramount to the administration of justice in both the criminal and civil court realms. The defendant struck at the heart of the integrity of the system, and to reduce his punishment from that contemplated by the guidelines would do violence to this concept of justice. The fact that the "victims" of the defendant's offense were law enforcement officers is also significant and warrants at least a guidelines sentence. Our society relies on the courage of law enforcement officers to enforce the law, often at great risk to themselves, in order to keep us safe. The defendant lied about what he saw them do, and he jeopardized their careers and livelihoods in the process. The justice system must protect *her* guardians.

The third vital factor is the issuance of just punishment and specific deterrence. One of the most certain ways to deter the defendant from future criminal misconduct is to fashion a just punishment as reflected in his sentencing guideline range.

In a related factor, general deterrence is also a vital element of sentencing. When similarly situated strangers see that a defendant receives a punishment of incarceration for crimes such as perjury, they are more apt to reconsider engaging in similar conduct in the future in fear of receiving the same treatment. Indeed, those who would commit such crimes would seemingly be the best kind of audience for the general deterrence argument, as the prospect of

4

imprisonment is often far more daunting to them than it might be to drug and violent crime offenders, who are more likely to consider imprisonment to be merely a hazard of the job. Without fear of societal retribution in the form of a significant loss of their freedoms, offenders who seek to undermine the integrity of the judicial process will continue to engage in the same type of misconduct, endangering the health of the justice system.

The final factor, protection of the public, is not as serious of a concern in the defendant's case.

The United States, therefore, believes that a guideline sentence is appropriate based on the sentencing factors set out in Title 18, United States Code, Section 3553(a), including the need to provide just punishment for the offense, afford adequate deterrence to criminal conduct, and promote respect for the law.

    Respectfully submitted,

    WILLIAM C. KILLIAN
    United States Attorney

By:   /s/ Steven S. Neff
    Steven S. Neff
    Assistant United States Attorney
    1110 Market Street, Ste 301
    Chattanooga, TN 37402
    (423) 752-5140

## CERTIFICATE OF SERVICE

       I hereby certify that on November 2, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

                                             Respectfully submitted,

                                             WILLIAM C. KILLIAN
                                           United States Attorney

                       By:    /s/ Steven S. Neff
                                Steven S. Neff
                                Assistant United States Attorney